William D. Hyslop
United States Attorney
Eastern District of Washington
Thomas J. Hanlon
Assistant United States Attorney
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
Telephone: (509) 454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br> vs.<br><br>DONAVAN THOMAS CULPS,<br><br>      Defendant. | NO: 1:18-CR-02023-SAB-1<br><br>PLAINTIFF'S SENTENCING MEMORANDUM |

Plaintiff, United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and Thomas J. Hanlon, Assistant United States Attorney, submits the following sentencing memorandum:

Government's Sentencing Memorandum   1

I.

BASE OFFENSE LEVEL AND ENHANCEMENTS

The government agrees with the calculations contained in the Presentence Investigation Report ("PSIR.") The Total Offense Level is 35; Criminal History Category VI, with an advisory guideline imprisonment range of 292-365 months.

II.

SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

"The overarching statutory charge for a district court is to "impose a sentence sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other corrections treatment." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008)(en banc)(quoting 18 U.S.C. § 3553(a) and (a)(2)). "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Ressam*, 679 F.3d 1069, 1089 (9th Cir. 2012)(quoting *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009)(en banc).

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

In late March 2016, Felina Metsker ("Metsker") was murdered. Metsker had previously been in a romantic relationship with the Defendant. On April 1, 2016, Special Agent P. Orth ("Agent Orth") of the Federal Bureau of Investigation ("FBI") and Detective T. Beebe ("Detective Beebe") of the Yakama Nation Police Department discovered the crime scene. Due to their observations, it appeared that someone had been shot inside of Metsker's residence. Furthermore, it appeared that the body had been dragged out of the residence. Metsker's remains were later discovered in a desolate area near 17500 Fort Road, White Swan, Washington.

As the investigation progressed, George Skylar Cloud and Neil Cloud were identified as suspects in the murder. On April 9, 2016, George Cloud was arrested for an unrelated matter and placed in the Yakama Nation jail[1].

In late April 2016, while in the Tribal jail, George Cloud allegedly confessed to the Defendant that he had murdered Metsker. The Defendant physically assaulted Cloud after hearing the confession.[2] The Defendant was later turned over to federal law enforcement for unrelated charges. The Defendant was subsequently released from custody.

---

[1] Cloud has been in tribal, state, and/or federal confinement since April 9, 2016.
[2] The assault was captured on the tribal jail video system.

In August 2017, Tara Cloud contacted the YNPD and reported that Neil Cloud ("Neil") was missing. Tara Cloud was aware of rumors that Neil had been murdered due to his involvement in the murder of Metsker.

In September 2017, the Defendant murdered a male in Cheney, Washington. The Defendant was subsequently apprehended and confessed to the murder. The Defendant later confessed that he had also murdered Neil. The Defendant disclosed the area where he had dumped Neil's body. On September 18, 2017, a detective with the YNPD found Neil's decomposed body.

As the investigation progressed, Special Agent J. Terami ("Agent Terami") interviewed the George Thompson ("Thompson"), the Defendant, and additional witnesses. Agent Terami learned that Cody Spencer, Thompson, and Neil traveled to 3960 Barkes Road, White Swan, Washington[3]. This is the same location where Metsker had been murdered. The Defendant ran to the car and began punching Neil though the open car window. The Defendant pulled Neil out of the vehicle. Neil was yelling, "why?" The Defendant responded, "you know why!" The Defendant began beating Neil. Neil was yelling that he was "sorry." Due to the beating, Neil was rendered unconscious. Thompson went back to his vehicle and obtained zip ties. Thompson walked back to Neil and attempted to use the zip ties to restrain him. The Defendant did not want Neil to escape. Neil was dragged to a

---

[3] It is unknown if Neil was brought to this residence as part of a plan/scheme, or if it was coincidental.

Government's Sentencing Memorandum            4

location near where Metsker's trailer had been located. Neil woke up, was crying, and asked the Defendant to stop. Neil stated, "I didn't do it." The Defendant began stabbing Neil and slit his throat.[4] After the murder, the Defendant and Thompson dug a hole. Neil was placed in the hole. Neil's body remained in the hole for approximately 4-5 days. The body was later moved and dumped in a remote location.

2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

The current offense is serious. The government submits that a sentence of 292 months imprisonment, followed by five years of supervised release, will promote respect for the law and provide just punishment.

3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

The Defendant was involved in a serious and violent offense. The Defendant has served multiple prison terms over the past 16 years. Despite these prior terms of incarceration, the Defendant has not been deterred from engaging in criminal acts.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

A term of imprisonment is required to protect the public. The Defendant is clearly a danger to the community. The Defendant has a lengthy criminal history

---

[4] S/A Terami conducted a recorded interview with the Defendant. The Defendant advised he used a hunting knife. The Defendant advised that he stabbed Neil in the chest, neck, stomach and slit his throat like a deer.

Government's Sentencing Memorandum        5

including convictions for third degree assault, residential burglary, being a felon in possession of a firearm, and escape.  Furthermore, on January 31, 2019, the Defendant was sentenced to 416 months for an unrelated first degree murder.  The Defendant has repeatedly demonstrated that he is a danger to the community.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

The Defendant appears to be in need of or substance abuse treatment. Furthermore, the Defendant appears to be in need of additional educational and/or vocational skills.

III.

GOVERNMENT'S SENTENCING RECOMMENDATION

Based upon the facts of the instant case, the government believes that a term of confinement of 292 months, followed by 5 years of supervised release, is a reasonable sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), considering the other factors listed in § 3553 (a).

The government recommends that the Defendant be ordered to pay $6,170.00 to the Crime Victims Compensation Program, and $136.21 to the Gardner Funeral Home, for funeral expenses.

Respectfully submitted this 10th day of July 2020.

WILLIAM D. HYSLOP
United States Attorney

s\ Thomas J. Hanlon
THOMAS J. HANLON
Assistant United States Attorney

I hereby certify that on July 10, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF which will send notification of such filing to the following: Roger James Peven

s\ Thomas J. Hanlon
THOMAS J. HANLON
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA   98901
(509) 454-4425
Fax (509) 249-3297